UNITED STATES DISTRICT COURT
MASSACHUSETTS

**JACK DeCICCO and SANDRA DeCICCO,**

        **Plaintiffs,**

v.                                    **C.A. NO.**

**JOHN J. BONISTALLI,**

        **Defendant.**

**COMPLAINT AND JURY CLAIM**

This is a Complaint for legal malpractice brought by the Plaintiffs, Jack DeCicco and Sandra DeCicco ("the DeCiccos"), against Attorney John J. Bonistalli arising out of Attorney Bonistalli's negligence in representing the Plaintiffs in the matter *DeCicco v. 180 Grant Street, LLC,* Middlesex Superior Court, C.A. No. 17-2777, and the subsequent appeals to the Massachusetts Appeals Court, and Supreme Judicial Court.

1. The Plaintiffs, Jack DeCicco and Sandra DeCicco, are residents of Pennsylvania.

2. The Defendant, John J. Bonistalli, is an attorney licensed to practice in Massachusetts, and has a principal place of business in Boston, MA.

3. This Court has jurisdiction over this matter based on diversity of citizenship, pursuant to 23 U.S.C. s. 1332, as the amount in controversy is more than $75,000.00.

4. At all relevant times hereto, there was an attorney-client relationship between the Plaintiffs and the Defendant.

5. On September 8, 2017, the Plaintiffs made a written offer to buy real estate located in Lexington, MA, and this offer was accepted. This property was a new construction and was not yet completed at the time of the offer, and there were a number of items that had not yet been fully negotiated.

6. On September 14, 2017, after some further negotiation regarding the construction to be completed and proposed adjustments to the purchase price, the Seller informed the Plaintiffs that it would not be able to go forward with the sale. At that point, it was obvious from the record that there was no agreement on essential terms of the bargain.

7. On or about September 21, 2017, the Plaintiffs hired Attorney Bonistalli to represent them with regard to this matter.  At this time, the Plaintiffs provided Attorney Bonistalli with all of the relevant inter-party correspondence and documentation from which the operative facts could be easily determined.

8. The average qualified practitioner would have familiarized himself with the operative facts and the applicable law.

9. If the average qualified practitioner had done so, he or she would have determined, as the Appeals Court later held, there was no sound basis for prosecution of any claim against the Seller, as there was no reasonable factual support in the record reflecting the parties' memorialization of "a definitive agreement and an intention to be bound."

10. Upon review of the available relevant facts, at a minimum the standard of care required Attorney Bonistalli to advise the Plaintiffs of the risk that they would lose the case while incurring not only their own legal fees and costs, but that they could also be ordered to pay the Seller's legal fees and costs.

11. Instead of taking any of these steps, on September 22, 2017, Attorney Bonistalli filed a factually deficient *lis pendens* Complaint on behalf of the DeCiccos against the Seller pursuant to G.L. c. 184, s. 15(b), that also presented legally invalid claims for specific performance, breach of contract, misrepresentation and breach of the covenant of good faith and fair dealing. The Seller filed counterclaims.

12. Prior to filing the Complaint, Attorney Bonistalli negligently failed to advise the Plaintiffs that pursuant to s. 15(b), the Seller would be entitled to file a special <u>Motion to Dismiss</u>, and Attorney Bonistalli also negligently failed to advise the Plaintiffs that if the <u>Motion to Dismiss</u> was successful that the DeCiccos would be required to pay the Seller's legal fees and costs incurred in defending the Complaint.

13. Prior to filing the Complaint, Attorney Bonistalli negligently failed to recognize that to survive a s.15(b) <u>Motion to Dismiss</u>, the Plaintiffs would have to present admissible evidence to prove that there was a factual and legal basis for the claim.   There was no such available evidence, as the average qualified practitioner would have known.

14. Prior to filing the Complaint, Attorney Bonistalli negligently failed to determine whether a s.15(b) Complaint was viable given the available evidence. The Complaint was not viable, as the average qualified practitioner would have known.

15. On December 5, 2017, the Seller offered to sell the property to the Plaintiffs in accordance with the Plaintiffs' then most recent purchase offer, with the caveat that the parties split the broker fee.  The Seller also offered that if the Plaintiffs did not want to go forward with the purchase under those terms, the Seller would pay the Plaintiffs $20,000.00 to settle the s.15(b) Complaint.

16. Given the state of the evidence, Attorney Bonistalli negligently failed to advise the Plaintiffs that they should either accept the offer to purchase the property and split the

broker fee, or agree to settle the s.15(b) Complaint for $20,000.00. Had the appropriate advice been given, the Plaintiffs would have followed it and none of the ensuing damages, as set forth below, would have been incurred.

17. On February 16, 2018, the Seller filed a special Motion to Dismiss pursuant to s. 15(b). In support of the motion, the Seller submitted affidavits showing that the written offer was not an enforceable contract, because many of the material terms were still being negotiated.

18. Attorney Bonistalli negligently failed to recognize that to oppose this Motion to Dismiss, he needed to present admissible evidence to demonstrate that there was a genuine factual and legal dispute regarding whether the written offer was an enforceable contract.

19. On April 13, 2018, the Court allowed the Motion to Dismiss, as Attorney Bonistalli had failed to present evidence to demonstrate a factual basis for the claim. In accordance with s. 15(b), the Court also ordered the Plaintiffs to pay the Seller's legal fees and costs.

20. Negligently failing to understand the level of proof needed to defeat a s. 15(b) Motion to Dismiss, and negligently failing to recognize that an appeal was not viable, Attorney Bonistalli advised the Plaintiffs to seek an appeal of the Court's decision.  This appeal was unsuccessful, and pursuant to s. 15(b), the Supreme Judicial Court ordered the Plaintiffs to pay the Seller's appellate legal fees and costs.

21. Attorney Bonistalli negligently failed to advise the Plaintiffs about the risks of filing the s. 15(b) Complaint; negligently failed to recognize the level of proof required for a s.15(b) Complaint to be viable; negligently failed to recognize the type of evidence required to successfully oppose a s. 15(b) Motion to Dismiss; negligently failed to advise the Plaintiffs to settle the s.15(b) claim before the Seller filed the Motion to Dismiss; and negligently failed to advise the Plaintiffs against appealing the order allowing the Motion to Dismiss.

22. As a proximate result of Attorney Bonistalli's negligence, the Plaintiffs were ordered to pay a total of $74,000.00 for the Seller's legal fees and costs. The Plaintiffs also paid Attorney Bonistalli $52,000.00 in legal fees and costs to litigate a s. 15(b) Complaint and appeal that Attorney Bonistalli should have known was not viable, and from which Attorney Bonistalli should not have advised the Plaintiffs to appeal.

23. The Seller sold the property to another buyer for a price $135,000.00 greater than the price offered by the Plaintiffs.  The Plaintiffs also lost this profit as a result of Attorney Bonistalli negligently failing to advise the DeCiccos to purchase the property in accordance with the December 5, 2017 settlement offer, rather than continue to prosecute a doomed lawsuit.

24. The Seller's counterclaims against the Plaintiffs remained on the docket, and the Plaintiffs had to pay $5,000.00 to engage new counsel to defend and resolve the counterclaims.

## COUNT I
## LEGAL MALPRACTICE

25. The Plaintiffs hereby reassert Paragraphs 1 –24 above as if fully set forth again herein.

26. At all relevant times there was an attorney-client relationship between the Defendant and the Plaintiffs.

27. At all relevant times the Defendant owed the Plaintiffs a duty of reasonable care in handling the litigation regarding the Plaintiffs' attempt to purchase real estate in Lexington, MA. That is, the Defendant was required to exercise the skill, care and diligence of the ordinary practitioner in Massachusetts qualified to advise upon and litigate a *lis pendens* claim.

28. As set forth above and as will be more fully set forth at trial, the Defendant committed multiple violations of the applicable standard of care.

29. As the direct proximate result of the Defendant's negligent violations of the standard of care, the Plaintiffs have suffered foreseeable economic harm as set forth above and as will be more fully set forth at trial, consisting generally of their paying unnecessary attorney's fees and lost profit on the real estate purchase.

WHEREFORE, the Plaintiffs demands judgment against Defendant in an amount sufficient to compensate them for their losses to be proven at trial together with interest, costs, and such further relief as is just and proper, without set-off for any legal fees and expenses.

## JURY CLAIM

The Plaintiffs respectfully demand a jury trial on all issues so triable.

## RULE 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: September 1, 2021

Respectfully submitted,

PLAINTIFFS,
Jack DeCicco and Sandra DeCicco,
By their attorneys,


 */s/ Charles P. Kazarian*
Charles P. Kazarian, BBO# 262660
Scott H. Kremer, BBO#559316
KAZARIAN LAW
One International Place, Suite 850
Boston, MA  02110
(617) 951-0100
cpk@kazarianlaw.com
shk@kazarianlaw.com